IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>GERMAN J. REYES,<br><br>                  Defendant. | 8:20–CR–336<br><br>ORDER DENYING SENTENCING RELIEF AND GRANTING MOTION TO WITHDRAW |

On March 11, 2024, Defendant German J. Reyes filed a Motion seeking two manners of relief. Filing 192. First, he sought a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines. Filing 192 at 2–3. Second, he sought sentencing relief based upon how the United States Sentencing Guidelines distinguish methamphetamine on its degree of purity. Filing 192 at 3–6. The Office of the Federal Public Defender was appointed to represent Reyes on this first issue pursuant to General Order 2023-09. Filing 193. However, this Order of appointment did not extend to the second issue brought by Reyes. *See* Filing 193. On June 18, 2024, the Federal Public Defender, Mr. David R. Stickman, filed a Motion to Withdraw. Filing 194. Two days later, on June 20, 2024, the United States Probation Office filed a worksheet relevant to Reyes' request for a sentencing reduction under Amendment 821. Filing 195. Reyes's Motion is now ripe.

With respect to the first issue in Reyes's *pro se* Motion, his Revised Presentence Investigation Report reveals that he is not a zero-point offender; nor was he assessed any "status points" in computing his criminal history. *See* Filing 170. The United States Probation Office confirmed this as well. Filing 195. The Court will therefore grant Mr. Stickman's Motion to Withdraw, Filing 194, for the reasons he set forth in his Motion, and will deny the relief Reyes seeks in his *pro se* submission to the extent it is based on Amendment 821.

The Court will also deny the relief Reyes seeks based on the second issue he raises regarding the manner in which the Guidelines distinguish methamphetamine on its degree of purity. *See* Filing 192 at 3–6.[1] It is true that the guidelines generally ascribe a higher base offense level when "actual" methamphetamine is involved, *see* U.S.S.G. § 2D1.1(c), and while a "district court may vary from the meth guidelines based on a policy disagreement . . . nothing mandates it to do so." *United States v. Moore*, 835 F. App'x 172 (8th Cir. 2021) (per curiam) (citing *United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir. 2018)). The undersigned has no such policy disagreement with the guidelines on this issue. *See e.g.*, *United States v. Inman*, No. 8:21–CR–60, 2023 WL 4201164, at *2 (D. Neb. June 27, 2023) ("The Court explained that it did not have a policy disagreement with the guidelines' treatment of methamphetamine actual versus methamphetamine mixture"). Reyes's claim that his sentence is impermissibly disparate to other defendants who were sentenced by those who had such policy disagreements lacks merit. *See United States v. Keys*, 785 F.3d 1240, 1244 (8th Cir. 2015) ("The district court was not required to vary for a policy issue and acted within its discretion when it did not"). Accordingly,

IT IS ORDERED:

1. Federal Public Defender David R. Stickman's Motion to Withdraw, Filing 194, is granted; and

2. The relief Reyes seeks in his *pro se* submission, Filing 192, is denied.

Dated this 25th day of June, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[1] Reyes styles this as a motion seeking "Compassionate Relief," Filing 192 at 3, which the Court understands to be a reference to compassionate "release" under 18 U.S.C. § 3582(c)(1)(A). No matter the purported legal basis upon which this Motion is brought, the claim lacks merit.